SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
OTIS McGEE JR., Cal. Bar No. 71885
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:   415-434-9100
Facsimile:    415-434-3947
Email:  omcgee@sheppardmullin.com
Email:  mscarborough@sheppardmullin.com

*E-FILED 12/20/06*

Attorneys for Defendants
THE PEPSI BOTTLING GROUP, INC., STEPHAN RUIZ,
OSCAR BROYER, LETICIA ESPINOZA and
SHERRY NOLAN

LAW OFFICE OF M. VAN SMITH
M. VAN SMITH, Cal. Bar No. 32007
1696 Mendenhall Drive
San Jose, California  95130
Telephone:   408-364-1062
E-mail:  mvsmith@sbcglobal.net

Attorney for Plaintiff
JIM AZEVEDO SANTOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIM AZEVEDO SANTOS,<br><br>                    Plaintiff,<br><br>        v.<br><br>PEPSI BOTTLING GROUP, INC. a<br>corporation, STEVE RUIZ, an individual,<br>OSCAR BROYER, an individual,<br>LETICIA ESPERANZA, an individual,<br>SHERRY NOLAN, an individual,<br>DOES ONE through TEN,<br><br>                    Defendants. | Case No. C 06-05342 JF<br><br>Case Filed:  June 30, 2006<br>Removed:   August 30, 2006<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**<br><br>Trial Date:  None set |

-1-

1   To preserve and maintain the confidentiality of certain documents and
2   information to be produced by the parties, plaintiff Jim Azevedo Santos and defendants
3   The Pepsi Bottling Group, Inc., Stephan Ruiz, Oscar Broyer, Leticia Espinoza and Sherry
4   Nolan, by and through their attorneys of record, hereby stipulate as follows:
5   1.   Documents and information to be produced during discovery in this
6   litigation may contain trade secrets, private information regarding parties or third parties,
7   and other confidential information.  Such information is hereafter referred to as
8   "CONFIDENTIAL."  Except as otherwise indicated below, all documents and information
9   designated by a party as CONFIDENTIAL that are produced or delivered to the opposing
10   party (or parties) or their attorneys, consultants, agents or experts in this action shall be
11   given confidential treatment and safeguarded as described below.
12   2.   CONFIDENTIAL documents and information shall not include
13   materials that on their face show that they have been published to the general public.
14   3.   If any party contends that any document or information has been
15   erroneously designated CONFIDENTIAL, they shall nevertheless treat the document or
16   information as CONFIDENTIAL unless and until they either (a) obtain the designating
17   party's written permission to do otherwise or (b) obtain an order of this Court finding that
18   the document or information is not CONFIDENTIAL.
19   4.   CONFIDENTIAL documents and information shall not be used or
20   shown, disseminated, copied or in any way communicated to anyone for any purpose
21   whatsoever, other than as required for the use, preparation and trial of this action.
22   5.   Except with the prior written consent of the designating party or upon
23   further order of this Court, CONFIDENTIAL documents or information shall be shown or
24   the contents thereof disclosed only to the following persons (hereinafter referred to as
25   "Qualified Persons"):
26   a.   The parties and their counsel of record in this action;
27   b.   Employees of the parties' counsel assigned to and necessary to
28   assist such counsel in the preparation or trial of this action;

-2-

STIPULATION FOR PROTECTIVE ORDER
AND [PROPOSED] ORDER THEREON

1  c.  Independent experts and consultants (and their agents and

2  employees) retained by the parties whose assistance is necessary for the preparation or trial

3  of this specific action, provided that no such disclosure shall be made to any person

4  employed by any competitor of defendant The Pepsi Bottling Group, Inc., except upon

5  further order of this Court; and

6  d.  The Court.

7  6.  Before being given access to any CONFIDENTIAL document or

8  information, each person (excluding Court personnel) to whom the disclosing party intends

9  to deliver, exhibit or disclose any CONFIDENTIAL document or information shall be

10  advised of the terms of this Stipulation and Order, shall be given a copy of this Stipulation

11  and Order and shall agree, in writing, in the form attached hereto as Exhibit "A," to be

12  bound by its terms.  Counsel for the disclosing party shall maintain a copy(s) of the same.

13  7.  Copies of each CONFIDENTIAL document distributed, in whole or

14  in part, to any Qualified Person (excluding Court personnel) shall be returned to counsel

15  for the disclosing party after the completion of the Qualified Person's consultation or

16  representation in this action.

17  8.  All filings containing Confidential Materials shall comply with Local

18  Rule 79-5 and the Court's Standing Order concerning sealed documents.

19  9.  To the extent that CONFIDENTIAL documents or information are

20  used in the taking of depositions, such documents or information shall remain subject to

21  the provisions of this Stipulation and Order, along with the transcript pages of the

22  deposition testimony dealing with the CONFIDENTIAL documents or information which

23  transcript pages shall be specifically designated by the designating party.

24  10.  Promptly after the conclusion of this action, but in no event later than

25  one year after the entry of final judgment in this action, all CONFIDENTIAL documents,

26  all copies thereof and all excerpts there from, shall be collected from all consultants,

27  experts and other Qualified Persons and shall be returned to counsel for the disclosing

28  party or destroyed.

-3-

1    11.    The parties shall not under any circumstances sell, offer for sale,

2  advertise or publicize either the contents of CONFIDENTIAL documents or information

3  or the fact that confidential documents have been obtained.  However, nothing in this

4  Order shall prevent the party designating materials as CONFIDENTIAL from using or

5  disclosing those CONFIDENTIAL documents or information in a manner inconsistent

6  with this Order.

7    12.    After termination of this litigation, the provisions of this Order shall

8  continue to be binding, except with respect to documents and information that become a

9  matter of public record.  This Court retains and shall have jurisdiction over the parties and

10 recipients of the CONFIDENTIAL documents and information for enforcement of the

11 provisions of this Order following termination of this litigation.

12    13.    This Stipulation and Order shall be binding upon the parties hereto,

13 upon their attorneys and upon the parties' and their attorneys' successors, executors,

14 personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries,

15 divisions, employees, agents, independent contractors or other persons or organizations

16 over which they have control.

17

18 Dated:  December _14_, 2006

19                        LAW OFFICE OF M. VAN SMITH

20

21            By    _M Van Smith_____

22                                M. VAN SMITH

23                            Attorney for Plaintiff
                              JIM AZEVEDO SANTOS
24

25

26

27

28
                                -4-

1 | Dated:  December19, 2006

2 |                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3 |

4 |                     By      _____/s/_____

5 |                             MICHAEL W. SCARBOROUGH

6 |                     Attorneys for Defendants
7 |                     PEPSI BOTTLING GROUP, INC.,
                        STEPHAN RUIZ, OSCAR BROYER,
8 |                     LETICIA ESPINOZA and SHERRY NOLAN

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-5-

1

## <u>ORDER</u>

2

The foregoing stipulation is hereby the order of this Court.

3

4   **IT IS SO ORDERED.**

5

Dated: _____    December 20, 2006

6   _____

HONORABLE RICHARD SEEBORG

7

8   United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

1
2
3
4
5
6
                 UNITED STATES DISTRICT COURT
7
                 NORTHERN DISTRICT OF CALIFORNIA
8
                 SAN JOSE DIVISION
9

| | |
|---|---|
| 10   JIM AZEVEDO SANTOS, | Case No. C 06-05342 JF |
| 11            Plaintiff, | ACKNOWLEDGMENT OF RECEIPT AND REVIEW OF PROTECTIVE |
| 12     v. | ORDER |
| 13   PEPSI BOTTLING GROUP, INC. a | |
| 14   corporation, STEVE RUIZ, an individual, OSCAR BROYER, an individual, | |
| 15   LETICIA ESPERANZA, an individual, SHERRY NOLAN, an individual, | |
| 16   DOES ONE through TEN, | |
| 17            Defendants. | |

18
19        I, _____, do hereby acknowledge that I

20 have received and read a copy of the attached Protective Order, and I agree to be bound by

21 the terms of this Order.

22
23 Dated: _____

24                 By:

25                  _____

26            Relationship to this action:

27                  _____

28

                 STIPULATION FOR PROTECTIVE ORDER
AND [PROPOSED] ORDER THEREON